In The
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **BREFREDIA JACKSON,** | |
|     Plaintiff, | |
| v. | |
| **CAPITAL ONE FINANCIAL CORPORATION,** | C. A. No. _____ |
|     Defendants | |

# PLAINTIFF'S ORIGINAL COMPLAINT

# 1  INTRODUCTION

1.1  Plaintiff brings this action for breach of fiduciary duty under Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. (hereafter "ERISA.") Plaintiff alleges Defendant Capital One Financial Corporation violated 29 U.S.C. § 1024(b)(4) when Defendant Capital One Financial Corporation failed to provide the plan document, the summary plan description, and the most recent form 5500 of the Capital One Short-Term Managed Income Group Plan (hereafter "Plan") following Plaintiff's written request for such document.

# 2  JURISDICTION

2.1  Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

2.2   This Court has jurisdiction of the subject matter of this action pursuant to 29 U.S.C. § 1132(f) in that Plaintiff brings this action pursuant 29 U.S.C. § 1132(a)(1)(a) and 29 U.S.C. § 1132(a)(3).

2.3   Plaintiff invokes jurisdiction pursuant to 28 U.S.C. § 1343(a)(4)

2.4   This Court has jurisdiction in that the Plaintiff brings this action pursuant to 28 U.S.C. § 1331 and the Constitution of the United States.

2.5   This Court may award costs and attorney's fees pursuant to 29 U.S.C. § 1132(g)(1) and Rule 54, FRCP.

2.6   Venue of this action is proper in this court pursuant to 29 U.S.C. § 1132(e)(2) in that the violation, the failure to respond to Plaintiff's document request, took place and this Court may find the Defendant Capital One Financial Corporation within this District and Division.

# 3   PARTIES

## 3.1   PLAINTIFF

3.1.1 Plaintiff is a disabled employee of Defendant Capital One Financial Corporation and resides in Jefferson County, Texas.

## 3.2   DEFENDANT

3.2.1 Defendant Capital One Financial Corporation is an employer engaged in the interstate commerce employing more than 20 employees. Plaintiff will serve

PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Capital One Financial Corporation by serving its registered agent,

Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service, 701

Brazos St., Suite 1050, Austin, TX 78701.

## 3.3  SECRETARY OF TREASURY AND SECRETARY OF LABOR

3.3.1 Although not parties to the action, Plaintiff is serving the Secretary of Labor

and the Secretary of Treasury with a copy of this complaint as 29 U.S.C. §

1132(h) requires.

# 4  STATEMENT OF THE CLAIM

4.1  Defendant Capital One Financial Corporation (hereafter "Defendant Capital

One") hired Plaintiff on or about July 23, 1990.

4.2  On October 2, 2009, Defendant employed Plaintiff as an Assistant Bank

Manager.

4.3  On or about October 2, 2009, Plaintiff suffered injuries to Plaintiff's back and

neck.

4.4  On October 9, 2009, Plaintiff stopped working for Defendant.

4.5  As of October 9, 2009, Plaintiff was unable to perform Plaintiff's occupation.

4.6  On February 28, 2011, Plaintiff through her attorney, requested documents

pertaining to the Plan from Defendant Capital One Financial Corporation.

(Bates No. 000405 – 000407)

4.7  Defendant Capital One Financial Corporation received Plaintiff's request for documents on March 15, 2011. (Bates No. 000409)

4.8  On March 15, 2011, Defendant Capital One Financial Corporation was the Plan Administrator, as 29 U.S.C. § 1002(16)(a)defines that term, for the Plan .

4.9  Since, on March 15, 2011, Plaintiff had a colorful claim for benefits under the Plan, Plaintiff had standing to request documents pertaining to the Plan under 29 U.S.C. § 1024(b)(4).

4.10 On March 22, 2011, Defendant Capital One Financial Corporation responded to Plaintiff's lawful request for documents by telling Plaintiff that it would refuse to respond absent a subpoena. (Bates No. 000199).

4.11 Defendant Capital One did not mail the March 22, 2011 letter until March 24, 2011. (Bates No. 000198).

4.12 As of the date Plaintiff filed this action, Defendant Capital One Financial Corporation has wholly failed, refused and neglected to respond to Plaintiff's request for the plan document of the Plan.

4.13 As of the date Plaintiff filed this action, Defendant Capital One Financial Corporation has wholly failed, refused and neglected to respond to Plaintiff's request for the summary plan description of the Plan.

4.14 As of the date Plaintiff filed this action, Defendant Capital One Financial Corporation has wholly failed, refused and neglected to respond to Plaintiff's request for the most recent form 5500 of the Plan.

# 5   ADMINISTRATIVE MATTERS

5.1   Plaintiff has met all administrative conditions precedent to this action under ERISA in more than thirty (30) days have elapsed since Plaintiff served Defendant Capital One Financial Corporation with Plaintiff's request.

5.2   Alternatively, Plaintiff contends that such remedies are futile and ERISA does not require exhaustion.

# 6   CAUSES OF ACTION

6.1   Plaintiff contends that Defendant Capital One Financial Corporation pursuant to 29 U.S.C. § 1024(b)(4) shall, upon written request of a participant, furnish a copy of the plan document of the Plan. Such section allows the administrator to make a reasonable charge to cover copy costs.

6.2   Plaintiff contends that Defendant Capital One Financial Corporation pursuant to 29 U.S.C. § 1024(b)(4) shall, upon written request of a participant, furnish a copy of the summary plan description of the Plan. Such section allows the administrator to make a reasonable charge to cover copy costs.

PLAINTIFF'S ORIGINAL COMPLAINT

6.3   Plaintiff contends that Defendant Capital One Financial Corporation pursuant to 29 U.S.C. § 1024(b)(4) shall, upon written request of a participant, furnish a copy of the most recent form 5500 of the Plan. Such section allows the administrator to make a reasonable charge to cover copy costs.

6.4   Plaintiff contends the failure of Defendant Capital One Financial Corporation to provide a copy of the plan document of the Plan within thirty (30) days of Plaintiff's request entitles Plaintiff to civil penalties (as 29 U.S.C. § 1132(c)(1) describes) of up to $110/per day beginning on the thirty-first (31st) day following the date Defendant Capital One Financial Corporation received such request to the time Defendant Capital One Financial Corporation complies with ERISA by furnishing a copy of the plan document of the Plan.

6.5   Plaintiff contends the failure of Defendant Capital One Financial Corporation to provide a copy of the summary plan description of the Plan within thirty (30) days of Plaintiff's request entitles Plaintiff to civil penalties (as 29 U.S.C. § 1132(c)(1) describes) of up to $110/per day beginning on the thirty-first (31st) day following the date Defendant Capital One Financial Corporation received such request to the time Defendant Capital One Financial Corporation complies with ERISA by furnishing a copy of the summary plan description of the Plan.

PLAINTIFF'S ORIGINAL COMPLAINT

6.6   Plaintiff contends the failure of Defendant Capital One Financial Corporation to provide a copy of the form 5500 of the Plan within thirty (30) days of Plaintiff's request entitles Plaintiff to civil penalties (as 29 U.S.C. § 1132(c)(1) describes) of up to $110/per day beginning on the thirty-first (31st) day following the date Defendant Capital One Financial Corporation received such request to the time Defendant Capital One Financial Corporation complies with ERISA by furnishing a copy of the most recent form 5500 of the Plan.

# 7   PRAYER

WHEREFORE, Plaintiff prays the Court order such relief including the following:

7.1   Since Defendant Capital One Financial Corporation failed to provide copies of the plan document this Court should:

7.1.1 Order Defendant Capital One Financial Corporation to provide Plaintiff with a copy of the plan document of the Plan.

7.2   Since Defendant Capital One Financial Corporation failed to provide copies of the summary plan description this Court should:

7.2.1 Order Defendant Capital One Financial Corporation to provide Plaintiff with a copy of the summary plan description of the Plan.

7.3   Since Defendant Capital One Financial Corporation failed to provide copies of the most recent form 5500 this Court should:

7.3.1 Order Defendant Capital One Financial Corporation to provide Plaintiff with a copy of the most recent form 5500 of the Plan.

7.4   Since Defendant Capital One Financial Corporation failed to provide Plaintiff a copy of the plan document of the Plan this Court should:

7.4.1 Order Defendant Capital One Financial Corporation to pay Plaintiff, as the administrative penalty 29 U.S.C. § 1132(c)(1) requires for the failure of Defendant Capital One Financial Corporation to give Plaintiff a copy of the plan document of the Plan, $110 per day for each day in the period commencing on April 14, 2011, the date Defendant Capital One Financial Corporation should have given Plaintiff copy of the plan document of the Plan, and ending on the date Defendant Capital One Financial Corporation provides a copy of the plan document of the Plan to the Plaintiff;

7.4.2 Order Defendant Capital One Financial Corporation to pay Plaintiff, as the administrative penalty 29 U.S.C. § 1132(c)(1) requires for the failure of Defendant Capital One Financial Corporation to give Plaintiff a copy of the summary plan description of the Plan, $110 per day for each day in the period commencing on April 14, 2011, the date Defendant Capital One

8

Financial Corporation should have given Plaintiff copy of the summary plan description of the Plan, and ending on the date Defendant Capital One Financial Corporation provides a copy of the summary plan description of the Plan to the Plaintiff;

7.4.3 Order Defendant Capital One Financial Corporation to pay Plaintiff, as the administrative penalty 29 U.S.C. § 1132(c)(1) requires for the failure of Defendant Capital One Financial Corporation to give Plaintiff a copy of the most recent form 5500 of the Plan, $110 per day for each day in the period commencing on April 14, 2011, the date Defendant Capital One Financial Corporation should have given Plaintiff copy of the most recent form 5500 of the Plan, and ending on the date Defendant Capital One Financial Corporation provides a copy of the most recent form 5500 of the Plan to the Plaintiff;

7.3    Grant Plaintiff pre-judgment and post-judgment interest;

7.5   Upon proper mention to be later filed herein, grant Plaintiff affirmative and temporary and permanent injunctive relief as appropriate; such injunctive relief to include the following:

7.6   Grant Plaintiff costs and attorney's fees; and,

7.7   Grant such other and future relief as is proper and just.

9

Respectfully submitted,

/s/ Scott King Field

Scott King Field
State Bar No. 00793725
Federal Bar No. 22016
The Field Law Firm
5910 Courtyard Drive, Suite 255
Austin, TX 78731
(512) 346-3600; (866) 271- 4431(fax)
scott@thefieldlawfirm.com
Attorney-in-charge for Plaintiff

/s/ Blair Brininger

Blair Brininger
State Bar No. 03002550
Federal Bar No. 8383
BRININGER LTD.
1400 Broadfield, Suite 200
Houston, TX  77084
(713) 659-3737; (866) 431-3250 (fax)
blair@disability.md

OF COUNSEL:
BRININGER LTD

ATTORNEYS FOR PLAINTIFF

https://disabilitymicrosoftonlinecom-1.sharepoint.microsoftonline.com/shared documents/4192 (jackson v. aetna and capital one)/6.01 (4192)/original complaint.jackson.docx